IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TROY RODDY                                                                                    PLAINTIFF

V.                                        CASE NO. 6:17-CV-06053

WENDY KELLEY, *et al.*                                                                   DEFENDANTS

## ORDER

Plaintiff Troy Roddy submitted this *pro se* action for filing on June 2, 2017. (ECF No. 1). Currently before the Court is Plaintiff's failure to follow a court order, failure to prosecute, and failure to exhaust his administrative remedies.

## I. BACKGROUND

Plaintiff filed his Complaint on June 2, 2017. (ECF No. 1). On July 14, 2017, the Court entered an order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application or pay the filing fee and to submit his Complaint on the court-approved form by July 28, 2017. (ECF No. 8). In the order, Plaintiff was advised that his case would be subject to dismissal if he failed to comply with the order. (ECF No. 8). Plaintiff submitted a completed IFP application (ECF No. 11) on July 24, 2017, but did not submit his Complaint as directed by the Court. Instead, Plaintiff filed a Motion for Appointment of Counsel, stating medication affected his mobility and the use of his hands.[1] (ECF Nos. 10, 10-1).

## II. DISCUSSION

Upon review, the Court finds that this matter should be dismissed for failure to comply with the Court's previous order, failure to prosecute, and failure to exhaust administrative remedies.

---

[1] The Court notes that the handwriting on these documents is legible. Further, prior to filing the Motion for Appointment of Counsel, Plaintiff filed four motions requesting injunctive relief. (ECF Nos. 2, 3, 7, 9). One of those motions (ECF No. 7) consists of five handwritten pages, as well as a number of supporting documents. Thus, Plaintiff has shown he is capable of writing and filing documents that require either a similar amount of, or significantly more, handwriting than required to fill out the court-approved complaint form. Therefore, Plaintiff was able to file his Complaint as directed by the Court, but instead chose to disobey the order.

As an initial matter, the Court notes that Plaintiff is a Prison Litigation Reform Act ("PLRA") three-striker pursuant to 28 U.S.C. § 1915(g) and is therefore barred from proceeding *in forma pauperis* unless his claims fall within the exception to the three-strike rule. *See Roddy v. Holloway*, Case No. 2:11-CV-00004-JLH-JJV (E.D. Ark. 2011) (noting five prior cases qualifying as strikes). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff's original Complaint provides a litany of allegations against Defendants, but the only allegation that could permit an exception to the three-strike rule states that Plaintiff was in "<u>imminent danger</u>" of serious physical injury due to an unspecified "forced treatment." (ECF No. 1, p. 1) (emphasis in original). Plaintiff was ordered to file his Complaint on the court-approved complaint form by July 28, 2017, so that the Court could determine if he qualified for an exception to the three-strike rule. Plaintiff did not do so.

**A. Failure to Comply with a Court Order and Failure to Prosecute**

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

2

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

As noted above, Plaintiff failed to comply with the Court's previous order directing him to file his Complaint on a proper form. Accordingly, this action should be dismissed for failure to comply with an order of the Court and failure to prosecute.

### B. Failure to Exhaust Administrative Remedies

Plaintiff has also failed to exhaust his administrative remedies in regard to his forced treatment claim. As amended by the PLRA, 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Further, the Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738–39 (2001), held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *See Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). Furthermore, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. *Concepcion v. Morton*, 306 F.3d 1347, 1352 (3d Cir. 2002). Specifically, it has been held that a grievance procedure

contained in a handbook constitutes an available administrative remedy within the meaning of § 1997e(a). *Id*. When all claims have not been exhausted, the case is subject to dismissal. *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

In his Motion for Preliminary Injunction and/or [Temporary] Restraining Order (ECF No. 7), Plaintiff identifies the unwanted treatment as "psychiatric forced shots." He further states that he "filed several emergency grievances and does not have time to wait til [sic] completed exhaustions, due to Plaintiff is under imminent danger of serious physical injury." (ECF No. 7, p. 2). Accordingly, Plaintiff clearly states he has not exhausted his administrative remedies concerning the alleged forced medical treatment and, therefore, this matter should be dismissed for failure to exhaust administrative remedies.

### III. CONCLUSION

For these reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and a Judgment of even date will be entered.

**IT IS SO ORDERED**, this 5th day of October 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge